UNITED STATES DISTRICT COURT　　　　SOUTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| Bethany Rogers, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| versus | § | Civil Action H-11-83 |
| | § | |
| Cary Dunham, | § | |
| | § | |
| Defendant. | § | |

## Opinion on Summary Judgment

1.　*Introduction.*

　　A woman says that she was injured in a car wreck in January of 2009. She waited two years to sue. The court ordered her to serve the defendant within 60 days. It took her 88 days. Her only explanation is that her lawyer searched the internet for more than seven weeks. Because she was not diligent in serving the driver, she will take nothing.

2.　*Background.*

　　On January 12, 2009, Cary Dunham was driving on Westheimer Street in Houston, Texas, when he collided with Katherine Schultz's car. A passenger in Schultz's car, Bethany Rogers, sued Dunham roughly two years later on January 10, 2011 – two days before her claims expired. This court ordered Rogers to serve Dunham within sixty days.

　　At the scene of the accident, Dunham says that he told Rogers how to contact his insurer and gave her his business card, which showed exactly how to reach him by mail, telephone, and e-mail. The driver, Schultz, confirmed that she and Rogers received this information. Rogers says that they are both wrong and that she did not get his card or insurance.

　　Two years later, her lawyer asked Dunham's insurer, Allstate, for his name and address. It would not give her this information because it does not release its customer's personal data to third parties.

On January 21, her lawyer says that he spent the next month – yes, a month – searching the internet to find Dunham. On February 22, he requested that the clerk issue summons. In his affidavit, her lawyer says that he spent another three weeks – from February 22 to March 16 – verifying the information he found on the internet.

On March 9, Rogers hired a private investigator to find Dunham. It took the investigator only seven days to locate him. Although Rogers knew where Dunham lived as early as March 16, she did not serve him until April 8 – more than three weeks after the deadline. She also did not move for an extension of time to serve him until April 1 – more than two weeks too late.

Because it took 88 days for Rogers to serve Dunham in a suit brought two days before her claims expired, the court orally dismissed this case in August of 2011. It held that she was not diligent in pursuing service. The Court of Appeals reversed, noting that diligence in Texas is a question of fact for the jury unless "no valid excuse exists for the delay."[1]

3. *Diligence.*

A plaintiff may sue for personal injuries within two years of having been hurt.[2] Suing requires filing the petition and serving it diligently on the defendant.[3] In Texas, diligence is usually a question of fact that must be determined by the jury. Texas courts say that only egregious delays in "atypical" cases can justify disposing of the case summarily.[4]

This is one of those cases. Not a single fact in the pleadings or briefing shows an ounce of diligence. For no reason, Rogers waited two years to sue – despite having a different lawyer for much of that time. After she finally sued Dunham, her lawyer rummaged around the internet for two months.  With less than a week left to serve Dunham, she hired a private investigator. After the investigator promptly found him, she took three weeks to serve him.

The only explanation for Rogers's 88-day delay is sloth. In an affidavit, her lawyer says that he spent more than seven weeks searching the internet for Dunham's location. He does

---

[1] Tranter v. Duemling, 129 S.W.3d 257, 259-60 (Tex. App. – El Paso 2004).

[2] Tex. Civ. Prac. & Rem § 16.003.

[3] Gant v. DeLeon, 786 S.W.2d 259, 260 (Tex. 1990).

[4] *Tranter*, 129 S.W.3d at 259-60, *Tate*, 119 S.W.3d at 381.

not say how he searched, what websites he used, or why it took so long. He gives the court only these stunningly imprecise words: "Affiant consistently investigated the defendant's identify [sic] and locations through social computer networks, computer data search, and computer information services." If diligence means anything, it is not this case.

In addition to being thin on facts, his affidavit is disingenuous. How many different ways could he have typed Cary Dunham into a search engine? A diligent attorney could exhaust the internet's potential to find Dunham in an afternoon at the most – not days, weeks, or months. Dunham is not a secret agent. To raise an issue of fact about how difficult he was to locate, Rogers would have to give the court a disputable fact about his search.

The court is suspicious of his affidavit because his client, Rogers, lied to the court in hers. She swears that Dunham did not give her "personal information about himself." In an earlier deposition, however, she said that he gave her a business card and information about his insurer. The only other witness also says that Dunham told her how to contact him.

A minimally competent lawyer could have served Dunham in a week or two. His own client had Dunham's business card. Even if she lost it, the investigator found him in seven days. It took two years plus 88 days because Rogers waited until the last minute to sue and the last minute to accomplish service.

After the case was remanded, the court ordered Rogers to produce more facts about why it took her so long to serve Dunham. It wanted to see if there were reasonable facts. She gave the court the same drivel as before.

4. *Conclusion.*

Because Bethany Rogers was not diligent in serving Cary Dunham, she will take nothing from him.

Signed on March 2+, 2014, at Houston, Texas.

Lynn N. Hughes
United States District Judge